PERTH AMBOY GARAGE COMPANY, A CORPORATION OF NEW JERSEY, AND ROBERT RIELLY, PLAINTIFFS-RESPONDENTS, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *John C. Stockel.*

For the respondents, *David T. Wilentz.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the Supreme Court, Middlesex Circuit, based upon a direction of a verdict by the court, in favor of the respondents, the Perth Amboy Garage Company for $2,687.50, and Robert Rielly for $720.25. Suit was instituted by the respondents against the appellant, on a policy of fire insurance covering two autobiles which were damaged by fire some eight days after the policy was issued. The proofs of claim which were presented to the appellant and sworn to by both respondents, alleged that the fire had been caused by the back-fire in the carburetor in one of the cars while being started in the garage. It appears that the automobiles were sold to the respondent Rielly by the Perth Amboy Garage Company under conditional bills of sale, and the policy provided that the loss, if any, should be paid to both said parties, as their interest might appear.

The first point relied upon for a reversal is that the trial court erred in excluding evidence that the respondent Rielly had set fire to the insured trucks, it being contended that such evidence was admissible under the second separate defense contained in the appellant's answer, which reads:

"Any loss, damage or injury resulting to the plaintiffs, or

either of them, by reason of any fire which damaged or destroyed any truck or trucks owned by the plaintiffs, or either of them did not result and was not caused under circumstances which impose any liability upon the defendant by reason of any policy of insurance executed by the defendant in favor of the plaintiffs or either of them."

We think that the ruling of the trial court was proper, and that it was supported by rule 40 attached to the 1912 Practice act (which is rule 58 of the Supreme Court), which provides that:

"The answer must specially deny such allegations of fact in the complaint as defendant intends to controvert, unless he intends in good faith to controvert all the allegations; in that case he may deny them generally. It must specially state any defense which is consistent with the truth of the material allegations of the complaint, and any defense which, if not stated, would be likely to cause surprise, or would raise issues not arising out of the complaint. For instance, the statute of frauds, or of limitations, release, payment, performance, or facts showing fraud, illegality or contributory negligence."

The evidence offered tended to prove misrepresentation and fraud on the part of the respondent Rielly. There is no statement contained in the answer alleging fraud, or any pleading of such a defense, and no such issue was presented by the complaint. Therefore, under the rule referred to, the defense of fraud or misrepresentation was not put in issue, and could not be availed of by the appellant at the trial. *Titus* v. *Pennsylvania Railroad Co.,* 87 *N. J. L.* 157. We think it was the intention of the legislature, in adopting rule 40 of the Practice act (*Pamph. L.* 1912, *p.* 391), that when fraud or misrepresentation of a plaintiff is intended to be used as a defense, it must not only be alleged as a conclusion that the plaintiff was guilty of fraud, but the facts must be set up in the pleadings, from which the conclusion of fraud or misrepresentation may be inferred.

It is further argued by the appellant that the court erroneously directed a verdict for the respondents, because there

was no proof of burning, other than the admission contained in appellant's statement that the trucks had been set on fire by Rielly. We do not find this to be the fact, as the record shows that during the course of the trial the attorney for the respondents inquired: "It is admitted that they were damaged to the extent of $3,170 by fire?" Whereupon, appellant's counsel stated: "That is right." Later, the same counsel said: "I admit it, if your honor please, that the damages because of a fire to these two trucks amounted to $3,170. That is all I admit." It would therefore seem that by reason of these admissions of counsel, it was unnecessary for the respondents to submit any further proof that the damage has been caused by fire.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.